IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

JEANNE MICHAELS,                                           3:10-cv-12-1051-AC

                 Plaintiff,                              ORDER ON
                                                  OBJECTIONS TO WITNESSES

       v.

TACO BELL CORPORATION, a California
corporation

                 Defendant.

ACOSTA, Magistrate Judge:

      This order resolves Plaintiff Jeanne Michaels's ("Plaintiff") and Defendant Taco Bell

Corporation's ("Defendant") respective objections to each other's witnesses.  The court also has

issued a separate order containing its rulings on the parties' respective motions in limine.  In the

event of a conflict between this order and the court's ruling on the parties' motions in limine, the

court's motion in limine rulings control.

      The rulings in this order resolve objections to proposed witness testimony as of October

ORDER ON OBJECTIONS TO WITNESSES  1

17, 2012, the date by which, under the court's scheduling orders for the October 29, 2012, trial date, the parties' respective responses to objections were to be filed.  At the October 23, 2012, status conference in this case the court rescheduled trial to April 22, 2013, and set dates by which the parties are to file their respective lists of supplemental witnesses setting forth the identities of additional witnesses, and the revised statements of previously listed witnesses whose depositions were reopened to allow questioning on information obtained during limited supplemental discovery.  The court will rule on objections to additional witnesses and revised witness statements, including Defendant's objections to Plaintiff's Amended Witness Statements filed on October 17, 2012, at the pretrial conference scheduled for the April 16, 2013.

### Plaintiff's Witnesses

A.    General objections:

1. Statements are not sufficiently detailed.

   **RULING:  SUSTAINED.**

2. Testimony about the witness's personal non work-related background and family.

   **RULING:  OVERRULED.**

   Witnesses will be permitted to give brief background about themselves.

3. Testimony about any assistance that was rendered to Plaintiff after the fall at Taco Bell on January 8, 2010.

   **RULING:  SUSTAINED.**

   *See* Ruling on Defendant's Motion in Limine #130.

4. Testimony about any additional training restaurant employees received from defendant Taco Bell Corporation after the fall on January 8, 2010.

ORDER ON OBJECTIONS TO WITNESSES  2

**RULING: OVERRULED.**

*See* Ruling on Defendant's Motion in Limine #128.

5.  Testimony about whether employees were trained, knew and employed proper cleaning techniques for safely cleaning the restaurant while patrons were present.

**RULING: OVERRULED.**

*See* Ruling on Defendant's Motion in Limine #124.

6.  Testimony by Drs. Mirarchi, Hoeflich, and Carson that exceeds the scope of lay testimony.

**RULING: SUSTAINED IN PART, OVERRULED IN PART.**

*See* Ruling on Defendant's Motion in Limine #125.

7.  Testimony from medical providers regarding demonstrative exhibits and records that they did not review during the course of their treatment.

**RULING: SUSTAINED IN PART, OVERRULED IN PART.**

*See* Ruling on Defendants's Motion in Limine #125.

8.  Testimony of witnesses whose names were not disclosed on Plaintiff's Fed. R. Civ. Proc. 26(a)(1) initial disclosures, or 26(e)(1) supplemental disclosures.

**RULING: SUSTAINED IN PART, OVERRULED IN PART.**

*See* Ruling on Defendant's Motion in Limine #131.

9.  Duplicative witness statements.

**RULING: OVERRULED.**

However, upon timely objection at trial, the court will limit the testimony of any of these witnesses (Gene Michaels, Evan Michaels, Sholl, Manion, and Kellow) if their

ORDER ON OBJECTIONS TO WITNESSES  3

testimony becomes cumulative of prior witnesses' testimony.

B.    Specific objections:

1. Carson, Ph.D.: Each of the three objections are addressed by the court's prior rulings on Defendant's General Objections or Motions in Limine.

2. Cushing: Both objections are addressed by the court's prior rulings on Defendant's General Objections.

3. Halefom: Each of the four objections are addressed by the court's prior rulings on Defendant's General Objections or Motions in Limine.

4. Hoeflich, M.D.: Each of the four objections are addressed by the court's prior rulings on Defendant's General Objections or Motions in Limine.

5. Karlin: The court's opinion and order (Dkt. No. 116) addresses this objection.

6. Kellow: The court's prior rulings on Defendant's General Objections or Motions in Limine address the first two of Defendant's objections. As to the third objection, **SUSTAINED.** Kellow may not give medical opinion testimony about Plaintiff's injuries.

7. Lam: Each of the four objections are addressed by the court's prior rulings on Defendant's General Objections or Motions in Limine.

8. Manion: Both objections are addressed by the court's prior rulings on Defendant's General Objections or Motions in Limine.

9. McAllister: Each of the four objections are addressed by the court's prior rulings on Defendant's General Objections or Motions in Limine.

10. Mirarchi, M.D: Each of the three objections are addressed by the court's prior rulings on Defendant's General Objections or Motions in Limine.

ORDER ON OBJECTIONS TO WITNESSES  4

11. <u>Michaels, Evan:</u>  The objection is addressed by the court's prior rulings on Defendant's General Objections.

12. <u>Michaels, Gene:</u>  The objection is addressed by the court's prior rulings on Defendant's General Objections.

13. <u>Michaels, Jeanne:</u>  The objection is addressed by the court's prior rulings on Defendant's General Objections.

14. <u>Nielsen, R.N.:</u>  Each of the four objections are addressed by the court's prior rulings on Defendant's General Objections or Motions in Limine.

15. <u>Nura:</u>  Each of the first four objections are addressed by the court's prior rulings on Defendant's General Objections or Motions in Limine.  As to the fifth objection, **OVERRULED.**  *See* Plaintiff's Motion in Limine #15 (Dkt. No. 136).

16. <u>Sholl:</u>  The objection is addressed by the court's prior rulings on Defendant's General Objections.

17. <u>Singhose:</u>  Each of the four objections are addressed by the court's prior rulings on Defendant's General Objections or Motions in Limine.

## Defendant's Witnesses

1.  <u>Brault:</u>

**RULING:**  The court's Opinion and Order (Dkt. No. 116) addresses this objection.

2.  <u>Azalde:</u>

**RULING:  DENIED AS MOOT.**

Azalde is the witness Defendant designated in response to Plaintiff's FRCP 30(b)(6) deposition request to depose the person most knowledgeable regarding "the flooring and tiles

used at Defendant's stores that is the subject of this suit." *See* Defendant's Reply to Plaintiff's

Objections to Witnesses (Dkt. No. 149), at 2. Azalde is Director of Architecture and Engineering

for Defendant. The description of his testimony in Defendant's witness list exclusively concerns

the decision to select the floor tile material present in the Taco Bell restaurant at the time of

Plaintiff's fall.

The suitability of the floor tiles at the Taco Bell restaurant where Plaintiff's fall occurred

no longer are at issue in this case and, thus, testimony and evidence about the floor tiles is

irrelevant. The court's opinion and order (Dkt. No. 116) excluded the testimony of Plaintiff's

expert engineer, David Karlin, whose testimony and opinion Plaintiff intended to offer to support

her allegation that the floor tiles in the Taco Bell restaurant where Plaintiff's fall occurred were

not sufficiently slip-resistant. Accordingly, in its rulings on Plaintiff's Motions in Limine 1 and

2, and on Defendant's Motion in Limine 126, the court excluded evidence from either party

pertaining to the slip resistance of the floor tiles, their suitability for the use in the restaurant, the

availability of other tiles claimed to be more slip resistant, and similar evidence pertaining to the

design or use of the floor tiles. *See* Opinion and Order on Motions in Limine, October 29, 2012.

The court's prior rulings preclude Plaintiff from calling any witness to support her floor

tile specification of negligence and, thus, this specification will not be presented to the jury at

trial. Because Azalde's testimony pertains exclusively to the floor tiles' suitability and to the

evidence the court has excluded, his testimony is excluded and he may not testify at trial.

Accordingly, the various evidentiary objections Plaintiff's asserts to this witness's testimony are

moot.

\\\\\

ORDER ON OBJECTIONS TO WITNESSES  6

3.  Halefom:

**RULING:  DEFERRED TO TRIAL.**

Defendant states in its reply to Plaintiff's objections that it intends to call this witness to

testify at trial.  In the event Defendant offers her deposition in lieu of her live testimony at trial,

Defendant must demonstrate that Halefom is unavailable for trial for any of the reasons required

by Rule 32(a)(4).

IT IS SO ORDERED.

DATED this 29th day of October, 2012.

JOHN V. ACOSTA
United States Magistrate Judge

ORDER ON OBJECTIONS TO WITNESSES  7