IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

JEANNE MICHAELS,                                           3:10-cv-1051-AC

               Plaintiff,                              ORDER ON
                                                  OBJECTIONS TO EXHIBITS

      v.

TACO BELL CORPORATION, a California
corporation

               Defendant.

ACOSTA, Magistrate Judge:

    This order resolves Plaintiff Jeanne Michaels's ("Plaintiff") and Defendant Taco Bell

Corporation's ("Defendant") respective objections to each other's exhibits.  The court also has

issued a separate order containing its rulings on the parties' respective motions in limine.  In the

event of a conflict between this order and the court's ruling on the parties' motions in limine, the

court's motion in limine rulings control.

    The rulings in this order resolve objections to exhibits appearing on the parties'

ORDER ON OBJECTIONS TO EXHIBITS     1

respective exhibit lists as of October 17, 2012, the date by which, under the court's scheduling

orders for the October 29, 2012, trial date, the parties' respective responses to objections were to

be filed. At the October 23, 2012, status conference in this case the court rescheduled the trial to

April 22, 2013, and set dates by which the parties would file their supplemental exhibit lists. The

court will rule on objections to those supplemental exhibits at the pretrial conference scheduled

for April 16, 2013.

### Plaintiff's Exhibits

A.    General objections:

    1. Exhibits pertaining to photos of Plaintiff as a child, her family and friends.

        **RULING: SUSTAINED IN PART, OVERRULED IN PART.**

        Plaintiff's Exhibit 1, entitled on her exhibit list simply as "Photos," consists of 85

8½ by 11-inch pages of enlarged photographs; five pages of report cards from Plaintiff's

elementary and secondary school education, and one page that is a copy of a September

21, 2005, letter of recommendation written on behalf of Plaintiff by a former employer.

The court notes none of the 91 pages comprising Plaintiff's Exhibit 1 is separately

marked (*e.g.*, "Ex. 1a, Ex. 1b," etc.; or "Ex. 1-1, Ex. 1-2," etc.) to assist the court and

counsel in identifying any specific page of the 91-page Exhibit 1.

        The 85 photographs can be sorted into a handful of general groupings: those

taken sometime post-recovery that depict Plaintiff's arm injury from different angles;

those depicting Plaintiff in the hospital following her surgery; those showing Plaintiff

with her family members over the years; those showing some of Plaintiff's family

members without Plaintiff; and those that depict Plaintiff at various ages, the earliest of

which depicts Plaintiff at the approximate age of 10 years.

With few exceptions, the photographs are irrelevant or unduly prejudicial, or both, and collectively viewed are cumulative and likely to confuse or mislead the jury. For example, photographs depicting Plaintiff as an elementary school or middle school student have no possible relevance to any liability or damages issue in this case. The same is true for photographs taken approximately 25 or 30 years before Plaintiff's 2010 fall which depict her wedding and show her in her Air Force uniform. Other examples are multiple photographs spanning approximately 15 or 20 years which show Plaintiff and various members of her immediate or extended family. In short, none of the photographs are relevant to the liability issues in the case and few are relevant to and admissible on Plaintiff's damages claims.

The report cards and standardized test results, similar to the photographs, are irrelevant and not probative of any issue in the case. Were Plaintiff an 18 year-old college student, her grades in elementary, middle, and high school might have some bearing on her damages claims. But these exhibits document scholastic achievement that occurred 40 years before her January 2010 fall, and in the intervening period Plaintiff has established a work history far more relevant to her damages claims than the grades for penmanship, spelling, and chorus she received as a young girl. As importantly, Plaintiff suffered a physical injury from her fall; she alleges no injury to her cognitive functioning or intellectual capacity because of the fall. Grades and standardized testing conducted 30 or 40 years before her fall are not probative to any damages issue for this additional reason.

The 2005 letter of reference from a previous employer is more probative, both temporally and in content, but is hearsay.  If Plaintiff's intent is to demonstrate her work ethic and accomplishments as an adult in the workplace, then the letter is offered for the truth of the matters asserted therein.  The hearsay rule excludes such evidence.

Accordingly:

a.  Those photographs Plaintiff may introduce at trial are:

1)  Three (3) of the photographs taken sometime post-recovery and in which Plaintiff is dressed in black attire, that depict Plaintiff's arm injury from different angles.  Plaintiff may choose the three photographs she wishes to use and shall mark those photographs as Exhibits 1-1, 1-2, and 1-3, respectively.

2)  Two (2) of the photographs depicting Plaintiff in the hospital following her surgery.  Plaintiff may choose the two photographs she wishes to use and shall mark those photographs as Exhibits 1-4 and 1-5, respectively.

3).  Both photographs taken sometime post-recovery and in which Plaintiff is wearing a red blouse, that depict her injury.  Plaintiff shall mark those photographs as Exhibits 1-6 and 1-7, respectively.

All other photographs contained in Exhibit 1 are **EXCLUDED.**

b.  All report cards and standardized test results contained in Exhibit 1 are **EXCLUDED.**

c.  The 2005 letter of reference from a previous employer contained in Exhibit 1 is **EXCLUDED.**

ORDER ON OBJECTIONS TO EXHIBITS    4

2. Exhibits pertaining to photos of Plaintiff that were requested in Defendants First Request for Production of documents and never produced.

   **RULING:  OVERRULED AS MOOT.**

   The court's ruling on General Objection No. 1 also addresses the issue Defendant raises with this objection.  Only some of the photographs contained in Plaintiff's Exhibit 1 and which depict Plaintiff's injury at several different times are admissible.  Defendant acknowledges it received some of the photographs contained in Exhibit 1 that depict Plaintiff's injury, but it does not identify the specific photographs she received (or did not receive).  Thus, the court is unable to rule on Defendant's objection.  Further, Defendant apparently did receive some injury photographs previously, which put Defendant on notice that Plaintiff would seek to admit them at trial.  The injury photographs the court has determined are admissible are not unduly prejudicial in their representation of Plaintiff's injury and appear to be fair depictions of the consequences of the injury Plaintiff incurred because of her fall.

3. Exhibits pertaining to photos of Plaintiff's present physical condition.

   **RULING:  OVERRULED.**  *See* Ruling on General Objection No. 2.

4. Exhibits related to timelines or transcriptions of the Taco Bell Surveillance Tape.

   **RULING:  SUSTAINED.**

5. Exhibits related to Plaintiff's Injury Diary.

   **RULING:  SUSTAINED.**

   However, Plaintiff may use the document to refresh her recollection if she is unable to recall specific instances regarding the effects of her injury about which she is

questioned.

6. Exhibits related to Plaintiff's Tax Returns from 2005 to 2009.

    **RULING: SUSTAINED.**

7. Exhibits related to the Expert Report of David Karlin that was excluded by this Court on Friday September 28, 2012.

    **RULING: SUSTAINED.**

    The court previously excluded Karlin's testimony and report. *See* Opinion and Order, September 27, 2012 (Dkt. No. 116).

8. Exhibits related to the Deposition of Carlos Azalde that were not requested within the discovery deadline.

    **RULING: DENIED AS MOOT.**

    The court sustained Plaintiff's objection to this witness's testimony because his testimony pertains only to an issue, the suitability of the floor tiles, the court has ruled will not be presented to the jury at trial. *See* Order on Objections to Witnesses, October 29, 2012. Accordingly, any exhibits relating to this witness's testimony are no longer relevant and are excluded.

9. Exhibits related to timeline of medical treatment.

    **RULING: SUSTAINED IN PART, OVERRULED IN PART, DEFERRED IN PART.**

    Defendant's general objection puts two exhibits into issue. The first is Plaintiff's Exhibit 4, which is a summary of Plaintiff's medical bills that lists each health care provider, total charge for services, date of billing statement. Each entry in the summary

also bears a letter designation that corresponds to the medical billing statements it summarizes. The second is Plaintiff's Exhibit 38, described on her exhibit list as "Timeline of Medical Treatment." Exhibit 38 is an "oversized or projected exhibit" a facsimile or description of which Plaintiff does not provide the court to inform the court of the exhibit's content.

Regarding Exhibit 4, Defendant's objections are OVERRULED. The exhibit is a summary of voluminous medical bills which appears to be a carefully constructed summary of bills obtained from Plaintiff's health care providers. Each group of bills summarized in Exhibit 4 are accompanied by an appropriate certification from the custodian of the records.

Regarding Exhibit 38, the court DEFERS final ruling to trial. The court cannot rule on Defendant's objections without seeing the actual exhibit, which Plaintiff has not presented to the court. However, if Exhibit 38 is similar to Exhibit 4 in the manner in which it summarizes the represented information, Plaintiff will be permitted to present it at trial. The court notes, however, that each point on the timeline must be supported by admissible evidence and may not contain any commentary or editorial remarks by Plaintiff or counsel regarding the treatment summarized in the exhibit. Also, as the court made clear at the October 23, 2012, status conference, to be admissible, Plaintiff must present the timeline to Defendant for its review so that Defendant may assert objections, and the court may rule on those objections, prior to the exhibit being offered at trial.

\\\\\

\\\\\

ORDER ON OBJECTIONS TO EXHIBITS     7

10.  Medical records, imaging studies, medical bills, models and illustrations by anyone testifying as a fact witness.

**RULING:  SUSTAINED IN PART, OVERRULED IN PART.**

The court addressed the issue raised in this objection in its ruling on Defendant's Motion in Limine No. 125.  *See* Order on Motions in Limine, October 29, 2012.  Each treating doctor testifying in his or her capacity as a treating doctor may testify only about his/her treatment of Plaintiff, observations of Plaintiff's condition made at the time, conclusions reached about Plaintiff's condition during the course of that doctor's own treatment, and any prognoses reached during the time of treatment.  Each doctor may use demonstrative exhibits, such as a model of arm anatomy, and information available to them at the time of their treatment of Plaintiff, such as imaging studies, to explain or illustrate their testimony about their treatment of Plaintiff as they rendered it at the time.

11.  Exhibits pertaining to Defendant's Team Training Reference Guide.

**RULING:  SUSTAINED.**

Defendant objects to Plaintiff's use at trial of any portion of its Team Training Reference Guide that does not pertain to the issues raised by the three specifications of negligence the jury will consider at trial.  Plaintiff may use only those portions of the guide that:  1) pertain to the mopping, cleaning, and maintaining of floors in those areas of Defendant's restaurants that are open to the public; 2) warning customers about wet or slippery floors; and 3) safety measures or precautions regarding mopping, cleaning, and maintaining of floors in those areas of Defendant's restaurants that are open to the public.

B.    Specific objections:

Many of Defendant's specific objections are resolved by the court's rulings on Defendant's general objections or the parties' respective motions in limine.  Where such rulings also resolve a specific objection to an exhibit, the court has referenced the applicable general objection or motion in limine ruling.

Exhibit 1:

**RULING:**  *See* Ruling on General Objection No. 1.

Exhibit 2:

**RULING:**  *See* Ruling on General Objection No. 10.  The court's ruling resolves Defendant's objections to Exhibits 2(a) - 2(q) and Exhibits 2(t) - 2(v).

Exhibit 3:

**RULING:**  *See* Ruling on General Objection No. 10.  The court's ruling resolves Defendant's objections to Exhibits 3(a) - 3®.

Exhibit 4:

**RULING:**  *See* Ruling on General Objection No. 10.

Exhibit 5:

**RULING:**  *See* Ruling on General Objection No. 10 regarding Exhibits 5(a)-5( c). Regarding Exhibit 5(d), *see* Ruling on General Objection No. 10.  Further, Defendant's objection that the exhibit is duplicative and cumulative is **OVERRULED**.

Exhibit 6:

**RULING:**  *See* Ruling on Defendant's Motions in Limine No. 126 and No. 127. These rulings resolve Defendant's objections to both Exhibit 6(a) and Exhibit 6(b).

ORDER ON OBJECTIONS TO EXHIBITS    9

Exhibit 7:

RULING:  *See* Ruling on General Objection No. 4 and Rulings on Defendant's Motion in Limine Nos. 126 and 127.

Exhibit 8:

RULING:  *See* Ruling on General Objection No. 5 and Ruling on Defendant's Motions in Limine No. 126 and No. 127.

Exhibit 9:

RULING:  *See* Ruling on General Objection No. 6.

Exhibit 10:

RULING:  *See* Ruling on General Objection No. 10.

Exhibit 11:

RULING:  *See* Ruling on General Objection No. 11, and Rulings on Defendant's Motions in Limine No. 124, 126, 127, 128, and 132.  These rulings resolve Defendant's objections to Exhibits 11(a) - 11(I).  Further, Defendant's objection that Exhibits 11(a) - 11(I) are duplicative and cumulative is **OVERRULED**.

Exhibit 12:

RULING:  *See* Ruling on General Objection No. 8.

Exhibit 13:

RULING:  SUSTAINED.

The court previously excluded Karlin's testimony and report.  Defendant represented at hearing it would call Brault only if Karlin was permitted to testify.  *See* Opinion and Order, September 27, 2012 (Dkt. No. 116).

ORDER ON OBJECTIONS TO EXHIBITS    10

Exhibit 14:

**RULING:  SUSTAINED.**

The transcript should not be marked as an exhibit but may be used to impeach the witness.

Exhibit 15:

**RULING:  SUSTAINED.**

The transcript should not be marked as an exhibit but may be used to impeach the witness.

Exhibit 16:

**RULING:  SUSTAINED.**

The transcript should not be marked as an exhibit but may be used to impeach the witness.

Exhibit 17:

**RULING:  SUSTAINED.**

The transcript should not be marked as an exhibit but may be used to impeach the witness.

Exhibit 18:

**RULING:  SUSTAINED.**

The transcript should not be marked as an exhibit but may be used to impeach the witness.

Exhibit 19:

**RULING:  SUSTAINED.**

ORDER ON OBJECTIONS TO EXHIBITS     11

The transcript should not be marked as an exhibit but may be used to impeach the witness.

Exhibit 20:

**RULING:  SUSTAINED.**

The transcript should not be marked as an exhibit but may be used to impeach the witness.

Exhibit 21:

**RULING:  SUSTAINED.**  *See* Ruling on General Objection No. 8 and Rulings on Defendant's Motion in Limine No. 126.

Exhibit 22:

**RULING:  SUSTAINED.**  *See* Ruling on General Objection No. 8 and Rulings on Defendant's Motion in Limine No. 126.

Exhibit 23:

**RULING:  SUSTAINED.**  *See* Ruling on General Objection No. 8 and Rulings on Defendant's Motion in Limine No. 126.

Exhibit 24:

**RULING:  SUSTAINED.**  *See* Ruling on General Objection No. 7 and Rulings on Defendant's Motion in Limine No. 126.

Exhibit 25:

**RULING:  SUSTAINED.**  *See* Ruling on General Objection No. 7 and Rulings on Defendant's Motion in Limine No. 126.

\ \ \ \ \

Exhibit 26:

      **RULING:  SUSTAINED.**  *See* Ruling on General Objection No. 7 and Rulings on Defendant's Motion in Limine No. 126.

Exhibit 27:

      **RULING:  SUSTAINED.**  *See* Ruling on General Objection No. 7 and Rulings on Defendant's Motion in Limine No. 126.

Exhibit 28:

      **RULING:  SUSTAINED.**  *See* Ruling on General Objection No. 7 and Rulings on Defendant's Motion in Limine No. 126.

Exhibit 29:

      **RULING:  SUSTAINED.**  *See* Ruling on General Objection No. 7 and Rulings on Defendant's Motion in Limine No. 126.

Exhibit 30:

      **RULING:  SUSTAINED.**  *See* Ruling on General Objection No. 7 and Rulings on Defendant's Motion in Limine No. 126.

Exhibit 31:

      **RULING:  SUSTAINED.**  *See* Ruling on General Objection No. 7 and Rulings on Defendant's Motion in Limine No. 126.

Exhibit 32:

      **RULING:  DEFERRED TO TRIAL.**

      This is a sealed impeachment exhibit.  The court will rule on its admissibility if and when Plaintiff offers it at trial.

ORDER ON OBJECTIONS TO EXHIBITS    13

Exhibit 33:

>    **RULING:  DEFERRED TO TRIAL.**

This is a sealed impeachment exhibit.  The court will rule on its admissibility if and when Plaintiff offers it at trial.

Exhibit 34:

>    **RULING:  DEFERRED TO TRIAL.**

This is a sealed impeachment exhibit.  The court will rule on its admissibility if and when Plaintiff offers it at trial.

Exhibit 35:

>    **RULING:  DEFERRED TO TRIAL.**

This is a sealed impeachment exhibit.  The court will rule on its admissibility if and when Plaintiff offers it at trial.

Exhibit 36:

>    **RULING:  DEFERRED TO TRIAL.**

This is a sealed impeachment exhibit.  The court will rule on its admissibility if and when Plaintiff offers it at trial.

Exhibit 37:

>    **RULING:  DEFERRED TO TRIAL.**

This is a sealed impeachment exhibit.  The court will rule on its admissibility if and when Plaintiff offers it at trial.

Exhibit 38:

>    **RULING:  SUSTAINED IN PART, OVERRULED IN PART.**  *See* Rulings on

General Objection Nos. 5 and 9. Further, Defendant's objection that Exhibit 38 constitutes hearsay within hearsay and are prejudicial, duplicative, and cumulative are **OVERRULED AS MOOT** in light of the court's rulings on General Objections 5 and 9.

### Defendant's Exhibits

Defendant filed its exhibit list on September 27, 2012, in accordance with the court's Jury Trial Management Order. Plaintiff filed its objections to Defendant's exhibits on October 4, 2012. Defendant then amended its exhibit list on October 5, 2012; Plaintiff did not file objections in response to Defendant's amended exhibit list. The amended list revised the exhibits Defendant listed for trial and those revisions made moot some of Plaintiff's objections to the exhibits listed on Defendant's original exhibit list. Accordingly, the court addresses only those objections Plaintiff asserted against exhibits appearing on Defendant's original exhibit list where those exhibits also appear on Defendant's amended exhibit list. In referring to Plaintiff's objections, the court references the exhibit number of the exhibit as it is listed on Defendant's amended exhibit list.

Exhibit 108:

**RULING: SUSTAINED IN PART, OVERRULED IN PART.**

First, Defendant may use as an exhibit at trial only those interrogatories and answers relevant to the issues in this case. Second, Defendant has agreed to redact from

\\\\\

\\\\\

\\\\\

\\\\\

ORDER ON OBJECTIONS TO EXHIBITS     15

this exhibit Interrogatory Nos. 3(a), 9, and 13, and Plaintiff's answers to those

interrogatories.

IT IS SO ORDERED.

DATED this 29th day of October, 2012.

JOHN V. ACOSTA
United States Magistrate Judge