IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

JEANNE MICHAELS, an individual,

                        Plaintiff,

      v.

TACO BELL CORPORATION, a
California corporation,

           Defendant.

Civ. No. 3:10-cv-1051-AC

ORDER ON OBJECTIONS
TO SUPPLEMENTAL
WITNESS LISTS

ACOSTA, Magistrate Judge:

*Plaintiff's Objections to Defendant's Amended*
*and Supplemental Witness List*

Defendant's Amended and Supplemental Witness List lists three witnesses for trial: John F. Burns, M.D., an expert in orthopedic surgery; Azeb Halefom, a Taco Bell employee; and Franklin S. Wong, an expert in physical medicine and rehabilitation. Defendant also indicates that it may call

ORDER ON OBJECTIONS TO SUPPLEMENTAL WITNESS LISTS                                  1

four impeachment witnesses heretofore unidentified.

I.      New Witnesses

Plaintiff objects to the inclusion of unknown impeachment witnesses to the extent they have not yet been disclosed by Defendant, arguing that their inclusion will lead to prejudice against Plaintiff. Defendant maintains that all impeachment have been previously identified by the Plaintiff or Defendant in Rule 26(a)(1) disclosures. It is the court's practice to rule on the admission of impeachment witnesses at trial and the court hereby defers ruling on this objection.

Plaintiff also generally objects to the addition of witnesses not specifically provided for in the court's October 23, 2012, order. Defendant's witnesses Burns, Haleform, and Wong, were previously named in Defendant's Witness List (#89), filed on September 27, 2012, and are therefore not newly named.

**RULING:  DEFERRED IN PART; OVERRULED IN PART.**

II.     Availability of Haleform

Plaintiff objects to Defendant's characterization of Haleform's testimony and argues that it should be made more specific prior to trial  In particular, Plaintiff objects to the statements "the negligence of Plaintiff at the time of the incident," and "any observations of the Plaintiff she made as well as any other relevant observations she made prior to or subsequent to the incident in question." (Pl.'s Objections to Witnesses 2.)  Finally, Plaintiff argues that Haleform is not actually unavailable, has been subpoenaed, and that the court should order her live testimony to the extent she is able to appear.

Defendant argues that this objection is moot as it has identified Haleform as a witness that will appear at trial. Defendant also argues that, pursuant to this court's jury trial management order,

it only needs to set forth the areas upon which the witness will testify and the substance of the testimony, but not every detail the witness will testify to or its trial strategy. Furthermore, according to Defendant, Haleform's witness statement has not changed from prior statements to which Plaintiff did not object and therefore Plaintiff's current objection is untimely.

The court agrees that Defendant did not designate Haleform as unavailable. Further, the witness statement is the same as that appearing in Defendant's prior witness list and to which Plaintiff did not object.

**RULING: OVERRULED.**

*Defendant's Objections to Plaintiff's Amended*
*and Supplemental Witness List*

Defendant has lodged general and specific objections to Plaintiff's Amended and Supplemental Witness List. Plaintiff responds generally that she amended her witness statements to be more detailed in response to the court's prior order, as well as adding witness statements for those witnesses the court authorized her to add. These new witnesses are Dyke, Hoeflich, Mauer, Daniels, Wrede, and Wherli.

I.   General Objections

   *A.   Hearsay*

Defendant argues that the testimony of Kay Cushing contains many instances of hearsay regarding what Plaintiff told her during their appointments. Defendant also objects to the witness statement of Kathi Johnston as containing double hearsay, and states that Johnston will testify as to statements by David Hitt regarding statements by Dr. Kathleen McAuliffe about Plaintiff's residual functional capacity. Defendant also contends that the witness statements of Plaintiff's son and sister contain references to what Plaintiff told them, and are therefore inadmissible hearsay.

ORDER ON OBJECTIONS TO SUPPLEMENTAL WITNESS LISTS                                    3

Plaintiff incorporates by reference her arguments on hearsay contained in her response to Defendant's Motion in Limine No. 1.

The court incorporates its rulings on this testimony from its Order on Supplemental Motions in Limine, specifically its order as to Defendant's Motion in Limine No. 4.

**RULING:  SUSTAINED IN PART; OVERRULED IN PART.**

B.      *Undisclosed Expert Testimony*

Defendant objects to content contained in Dr. Hoeflich's witness statement not included in her expert report, in particular statements regarding Plaintiff's need for long-term medical care, physical and occupational therapy, medications, and a TENS unit.

Plaintiff incorporates by reference her arguments on testimony not disclosed in experts reports contained in her response to Defendant's Motion in Limine No. 3.

The court incorporates its ruling Defendant's Motion in Limine No. 3.

**RULING:  SUSTAINED IN PART; OVERRULED IN PART.**

C.      *Expert Testimony*

This objection is a restatement of Defendant's Motion in Limine No. 1, and both parties incorporate by reference relevant arguments stated in conjunction with that motion.  The court incorporates its ruling on Defendant's Motion in Limine No. 1.

**RULING:  OVERRULED.**

D.      *Testimony of Lori Daniels*

This objection is included in Defendant's Motion in Limine No. 5, and both parties incorporate by reference relevant arguments stated in conjunction with that motion.

Plaintiff additionally notes that she has sought to amend her complaint to include allegations

involving the failure to Defendant's employees to assist her immediately after her fall.

The court incorporates its ruling on Defendant's Motion in Limine No. 5.

**RULING: SUSTAINED.**

*E.     Plaintiff's Testimony*

This objection is included in Defendant's Motion in Limine No. 6, and both parties incorporate by reference relevant arguments stated in conjunction with that motion. The court incorporates its ruling on Defendant's Motion in Limine No. 6.

**RULING: OVERRULED.**

*F.     Duplicative Witness Statements*

Defendant objects to cumulative testimony regarding "Plaintiff's medical condition, activities, and functioning before and after the injury at Taco Bell." (Def.'s Objections at 6.) As this court ruled in its October 29, 2012, Order on Objections to Witnesses, "upon timely objection at trial, the court will limit the testimony of any of these witnesses (Gene Michaels, Evan Michaels, Sholl, Manion, and Kellow) if their testimony becomes cumulative of prior witnesses' testimony." (Order on Objections to Witnesses (#164) at 3-4.) Defendant, in its specific objections, identifies the following witnesses to whom this objection is currently lodged: Cushing, Daniels, Evan and Gene Michaels, and School. The court hereby extends its ruling to additional witnesses Cushing, Daniels, and School.

**RULING: DEFERRED.**

II.    Specific Objections

    *A.     Kaye Cushing*

Ruling on General Objection A:  **SUSTAINED IN PART; OVERRULED IN PART.**

ORDER ON OBJECTIONS TO SUPPLEMENTAL WITNESS LISTS    5

Ruling on General Objection F:  **DEFERRED.**

B.     *Lori Daniels*

Ruling on General Objection D:  **SUSTAINED.**

Ruling on General Objection F:  **DENIED AS MOOT.**

C.     *Andrew Dyke*

Ruling on General Objection C:  **OVERRULED.**

D.     *Dr. Molly Hoeflich*

Ruling on General Objection B:  **SUSTAINED IN PART; OVERRULED IN PART.**

Ruling on General Objection C:  **OVERRULED.**

E.     *Kathi Johnston*

Ruling on General Objection A:  **SUSTAINED IN PART; OVERRULED IN PART.**

F.     *Evan Michaels*

Ruling on General Objection A:  **SUSTAINED IN PART; OVERRULED IN PART.**

Ruling on General Objection F:  **DEFERRED.**

G.     *Geno Michaels*

Ruling on General Objection F:  **DEFERRED.**

H.     *Jeanne Michaels*

Ruling on General Objection E:  **OVERRULED.**

I.     *Michelle Nielsen*

Ruling on General Objection C:  **OVERRULED.**

J.     *Gwen School*

Ruling on General Objection A:  **SUSTAINED IN PART; OVERRULED IN PART.**

Ruling on General Objection F:  **DEFERRED.**

IT IS SO ORDERED

DATED this 19th day of April, 2013.

                                                    /s/ John V. Acosta
                                                 JOHN V. ACOSTA
                                       United States Magistrate Judge