IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| JEANNE MICHAELS, an individual, | Civ. No. 3:10-cv-1051-AC |
| Plaintiff, | ORDER ON OBJECTIONS TO SUPPLEMENTAL EXHIBITS |
| v. | |
| TACO BELL CORPORATION, a California corporation, | |
| Defendant. | |

_____

ACOSTA, Magistrate Judge:

This order resolves Plaintiff Jeanne Michaels's ("Plaintiff") and Defendant Taco Bell Corporation's ("Defendant") respective objections to each other's supplemental exhibits. The court has also issued a separate order containing its rulings on the parties' respective motions in limine. In the event of a conflict between this order and the court's ruling on the parties' motions in limine,

ORDER ON OBJECTIONS TO SUPPLEMENTAL EXHIBITS                                    1

the court's motion in limine rulings control.

The court reset this trial at an October 23, 2012, status conference and issued an order setting deadlines for both the parties' supplemental exhibits lists and their respective objections thereto. Consistent with this order, Plaintiff's and Defendant's Supplemental Exhibit List were both filed on March 4, 2013, and their objections to the other's supplemental lists were filed on March 13, 2013. This court's current rulings are further informed by its Order on Objections to Exhibits (#165) filed on October 29, 2012 (hereinafter "Order on Exhibits").

*Plaintiff's Exhibits*

A.    General Objections

Defendant makes general and specific objections to Plaintiff's supplemental exhibits. The court will review the general objections prior to making rulings on Defendant's specific objections.

1.    *Photographs Already Excluded*

Defendant objects to several photographs submitted by Plaintiff in her supplemental exhibits, arguing that they were specifically excluded by the court in its prior ruling. In the Order on Exhibits the court excluded the majority of the previously submitted photographs and specifically admitted only seven photographs, each of which depicted Plaintiff's actual injury. It wrote: "With few exceptions, the photographs are irrelevant or unduly prejudicial, or both, and collectively viewed are cumulative and likely to confuse or mislead the jury. . . . In short, none of the photographs are relevant to the liability issues in the case and few are relevant to and admissible on Plaintiff's damages claims." (Order on Exhibits 3.) Plaintiff, in response, asks the court to reconsider its ruling with respect to a limited number of photos that will help illustrate the ways in which the injury has impacted Plaintiff's life. The court's prior analysis holds with respect to Plaintiff's recent

ORDER ON OBJECTIONS TO SUPPLEMENTAL EXHIBITS                                    2

submissions and to the extent they run afoul of the Order on Exhibits, they are **EXCLUDED**. Defendant asserts this general objection to Supplemental Exhibits 1, 41, 44, and 52-57.

**RULING:  SUSTAINED IN PART, OVERRULED IN PART.**

Exhibit 1 includes six photographs that are similar to those admitted by the court in its Order on Exhibits, though do not appear to precisely track the court's ruling.  The court permitted Plaintiff to choose three photographs "taken sometime post-recovery and in which Plaintiff is dressed in black attire"; two photographs of Plaintiff in the hospital; and two photographs of Plaintiff "taken sometime post-recovery and in which Plaintiff is wearing a red blouse."  The photographs in Exhibit 1 include photographs of Plaintiff including one in black attire, two in the hospital, and three in a red blouse.  These photographs are essentially indistinguishable from those previously admitted and the court hereby admits them in lieu of those photographs identified in the Order on Exhibits.  No further variation from Supplemental Exhibit 1 will be permitted.

Exhibit 44 contains three photographs of Taco Bell's corporate headquarters in Irvine, California.  The court ruled previously to exclude evidence of Defendant's financial worth.  *See* Order on Motion in Limine (#163), October 29, 2012 at 19 (granting Defendant's motion to exclude evidence of Defendant's financial worth, and specifically advising Plaintiff that there would be no evidence or mention at trial of Defendant's size or assets).  Plaintiff's Exhibit 44 is hereby **EXCLUDED**.

Exhibits 52 through 57 include numerous personal photographs of Plaintiff involved in various activities.  The admission of such photographs was discussed at length in the court's prior order and the court clearly excluded photographs of this nature.  As such, Exhibits 52, 53, 54, 55, 56, and 57 are hereby **EXCLUDED**.

2.      *Irrelevant and Prejudicial Exhibits*

To the extent not already excluded by the court's prior order, Defendant objects to several photographs offered by Plaintiff as either irrelevant, unduly prejudicial, or both.

**RULING:  SUSTAINED IN PART, OVERRULED IN PART.**

Exhibit 1 depicts Plaintiff's injuries and these photographs were previously admitted by the court, albeit in a slightly different configuration.  The court has again reviewed a similar set of photographs and deemed them admissible pursuant to its prior order.  Furthermore, the exhibits are relevant and their probative value outweighs any prejudice their submission might cause.

Exhibit 41 contains three photographs of the interior and exterior of the Weidler Street Taco Bell location.  The first page of the exhibit is a photograph of the entrance to the Taco Bell in question.  This photograph is relevant and not unduly prejudicial.  Thus, it is not excluded under this objection.  The second and third pages of the exhibit are photographs of the exterior and parking lot of the location.  These photographs are wholly irrelevant and are therefore **EXCLUDED**, as Plaintiff's fall, and the events leading up to it, occurred entirely inside the restaurant.

Exhibit 43 is a picture of the shoes worn by Plaintiff.  In light of the fact that there is no dispute that Plaintiff was wearing athletic shoes at the time of her injury and that the characteristics of such shoes are generally known to laypersons, the court finds inclusion of this exhibit, in photographic or physical form, to be unnecessary.  Accordingly, Exhibit 43 is hereby **EXCLUDED**.

Exhibit 44 contains three photographs of Taco Bell's corporate headquarters in Irvine, California.  As Defendant suggests, the only possible purpose for its inclusion in the trial exhibits is to demonstrate that Defendant has substantial resources.  This exhibit is both irrelevant and prejudicial and it is therefore **EXCLUDED**.

Exhibit 47 is a neuropsychological report about Plaintiff from 2001. Plaintiff concedes that this exhibit should be excluded. Exhibit 47 is hereby **EXCLUDED**.

Exhibit 50 is a flyer from a jazz festival that Plaintiff organized and promoted that also includes Plaintiff's artwork. Plaintiff argues that the flyer is evidence of her occupational skills as an organizer and promoter of a "major music festival," as well as her skill in producing the flyer's artwork. The court finds this exhibit relevant to Plaintiff's design abilities prior to the accident and it is admitted.

Exhibits 52 through 57 are photographs of Plaintiff, her family, and earlier life activities. The court previously deemed these and similar photos irrelevant, unduly prejudicial, or both. For this additional reason, Exhibits 52, 53, 54, 55, 56, and 57 are **EXCLUDED**.

3.    *Improper Supplemental Exhibits*

Defendants object to the inclusion of new exhibits that were not specifically provided for in the Order on Exhibits or that pertain to newly discovered evidence. In its October 23, 2012, scheduling order, the court granted Plaintiff's motion to amend her exhibit list consistent with the request contained in Plaintiff's letter to the court, also dated October 23, 2012. In that letter, Plaintiff moved to amend her exhibits list to include the following:

(i) the recently received chart note and billing invoice of Dr. Hoeflich dated September 19, 2012, referenced in Defendant's motions;
(ii) the recently received, physical therapy chart notes for the priod September 15, 2011 through June1, 2012, referenced in Defendant's motions, as proposed "Exhibit 2(x)";
(iii) Plaintiff's Letter of Resignation with regard to having to relinquish care of her foster child, attached hereto as proposed "Exhibit 39";
(iv) a recent e-mail from Dr. Mirachi to Plaintiff dated October 21, 2012, indicating that a third "long stem revision radial head," surgery is an option for Plaintiff, attached hereto as proposed "Exhibit 40"; and
(v) July 10 and 11, 2012 e-mails Plaintiff's VA counselor Randy Wrede, as impeachment "Exhibit 41," in the event the Court allows Defendant to offer David

Hitt as a witness or as a rebuttal witness.

(Scheduling Order 11.)  The court also authorized additional limited discovery and the inclusion of evidence from Plaintiff's continued medical treatment.  Defendant argues that the inclusion of evidence outside of these parameters should not be permitted.  Specifically, Defendant objects to the inclusion of Exhibits 1, 40-45, 47, 49-57.

**RULING:  SUSTAINED IN PART, OVERRULED IN PART.**

The admission of Exhibit 1 was provided for in the court's prior Order on Exhibits and therefore it cannot be deemed improperly supplemental.

Exhibit 40 includes several Taco Bell safety training posters that either depict Taco Bell employees cleaning up spills or specifically caution of the need to clean up spills as soon as they occur.  Plaintiff argues that she erroneously believed the safety training posters were included in Defendant's exhibits as part of the Taco Bell Team Reference Guide previously produced.  Thus, Plaintiff requests admission in spite of her failure to earlier produce the posters.  In light of Plaintiff's explanation regarding her failure to earlier produce the posters, the court accepts the submission as timely and will not exclude the exhibit on these grounds.

Exhibit 41 contains three photographs of the interior and exterior of the Weidler Street Taco Bell location.  The first page of the exhibit is a photograph of the entrance to the Taco Bell in question.  Although arguably relevant, the picture was neither provided for in the court's order on supplemental exhibits nor does it constitute newly discovered evidence.  Therefore, its inclusion is not justified on either ground.  This exhibit is hereby **EXCLUDED**.

Exhibit 43 is a picture of the shoes worn by Plaintiff at the time of the accident.  According to Plaintiff, these exhibits were previously unavailable due to a miscommunication between Plaintiff

ORDER ON OBJECTIONS TO SUPPLEMENTAL EXHIBITS                                    6

and Plaintiff's counsel. As such, the exhibits are newly discovered and should be admitted. These shoes have already been excluded as cumulative and ufirnnecessary and the court need not rule on the timeliness of Plaintiff's presentation.

Exhibit 44, photographs of Taco Bell's corporate headquarters, was neither provided for in the court's order nor is it newly discovered evidence. On this additional ground, Exhibit 44 is **EXCLUDED**.

Exhibit 45 contains dozens of emails between Plaintiff, her physicians, and other healthcare providers. Defendant objects to these emails to the extent they neither conform with the court's instructions in its October 23, 2012, scheduling order, nor constitute newly discovered evidence. In the scheduling order, the court permitted Plaintiff to amend her exhibit list consistent with the amendments proposed in an October 23, 2012, letter to the court. The proposed amendments include "a recent email from Dr. Mirarchi to Plaintiff dated October 21, 2012, indicating that a third 'long stem revision radial head,' surgery is an option for Plaintiff, attached hereto as proposed 'Exhibit 40'" and "July 10 and 11, 2012 e-mails Plaintiff's VA counselor Randy Wrede, as impeachment 'Exhibit 41,' in the event the Court allows Defendant to offer David Hitt as a witness or a rebuttal witness." *See* Order on Exhibits at 11.

The July 2012 emails between Plaintiff and Wrede are found on pages 1-8 of Exhibit 45. The court could not locate the October 21, 2012, email from Mirarchi to Plaintiff within Exhibit 45. Although the court permitted Plaintiff to offer these proposed exhibits and others "newly discovered," it did not rule on their admissibility. Here, Plaintiff has submitted a host of emails she exchanged with her doctors and other medical personnel. As such, they are out of court statements. Plaintiff has not indicated that she offers them for something other than their truth. To the extent

the emails are offered for the truth of the matters asserted therein, the court finds that, as a whole, the exhibit is comprised of inadmissible hearsay and must be **EXCLUDED** in its entirety.[1]

Plaintiff has withdrawn Exhibit 47 and the court need not rule on this ground for exclusion.

Exhibit 49 contains sixty time-stamped screen shots from the closed-circuit video footage of the accident. Defendant argues that Plaintiff had this material in her possession previously and should have submitted it previously. The court finds that this evidence was previously produced and admitted in another form, namely the video introduced by Defendants. It is admitted.

Exhibit 50 is the music festival flyer. The court has already ruled that the exhibit is relevant and is admitted.

Exhibit 51 contains two pictures of Plaintiff's orthopedic arm braces. Again, Plaintiff claims the exhibits were not earlier produced as the result of a failure of communication between Plaintiff and counsel. The court finds that photographs of the arm braces are important to the jury's understanding of the injury to Plaintiff's arm and the effects of that injury on its use and range of motion. It is admitted.

Exhibits 52 through 57 neither conform to the court's order on additional exhibits nor constitute newly discovered evidence and are hereby **EXCLUDED** on this additional ground.

    *4.*    *Supplemental Exhibits Not Previously Produced or Identified*

---

[1] In addition to the emails specified by Plaintiff's October 23, 2012, letter, Plaintiff has submitted many emails that were generated prior to the scheduling conference. These emails should have been submitted or proposed prior to the court's October 23, 2012, order and are hereby excluded on this additional ground. This includes all emails found on pages 9-46 and 53-66.

On November 14, 2012, Plaintiff forwarded a copy of reports from OHSU to Dr. Hoeflich, the first of which was generated in October 2011, the second through fourth of which were generated on October 30, 2012. Despite being generated, at least in part, after the date of the scheduling order, these emails are also inadmissible hearsay.

ORDER ON OBJECTIONS TO SUPPLEMENTAL EXHIBITS        8

Defendant objects to supplemental exhibits that were not, but could have been, produced in the course of discovery, specifically photographs or recordings showing the nature of Plaintiff's injuries and potential damages, as well as documents in support of her emotional distress claim. As such, Defendant objects specifically to Exhibits 1, 41-44, 47, and 50-57.

**RULING: SUSTAINED IN PART, OVERRULED IN PART.**

This objection is substantially similar to the third general objection and the court incorporates herein its prior rulings.

5.   *Cumulative Evidence*

Defendant argues that Exhibit 49, the sixty time-stamped screenshots from the closed-circuit video footage of the accident, is duplicative of the actual video that Plaintiff intends to show at trial. Plaintiff explains that the still photographs have been included in the event it would be simpler to use screen shots to elicit testimony, rather than the video tape already admitted.

**RULING: OVERRULED.**

The court agrees with Plaintiff that the screen shots may serve a different and beneficial purpose at trial and, for this reason, are not cumulative and will not be excluded on this basis.

6.   *Authentication of Taco Bell Floor Plan*

"The requirement of authentication . . . as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." *Kesey, LLC v. Francis*, 2009 U.S. Dist. LEXIS 28078 (D. Or. Apr. 3, 2009) (quoting FED. R. EVID. 901(a)). Exhibit 42 purports to be floor plans depicting the layout of the Taco Bell store at NE Weidler that is the location where the alleged injury took place. Defendant originally objected that this exhibit had not been authenticated but has since withdrawn its objection.

The court finds that an overhead view of the restaurant is relevant and will assist the trier of fact.   As such, the first page of this exhibit is admitted.   The second and third pages are **EXCLUDED**, however, as they depict what appears to be a specialized version of the basic floor plan and the kitchen's floor plan, respectively, neither of which are relevant to Plaintiff's claims.

    7.    *Medical Treatment Timeline*

At the time of its Order on Exhibits, the court had not yet been able to view Plaintiff's Exhibit 38, referred to on her supplemental exhibit list as "Timeline of Medical Treatment (updated 2/26/2012)."  The court ruled that such exhibit would be admissible so long as the information therein is supported by admissible evidence and does not include "commentary or editorial remarks by Plaintiff or counsel regarding the treatment summarized in the exhibit."  (Order on Exhibits 7.) Defendant presents no additional objection to this exhibit beyond this general objection stating that the exhibit must comply with the court's previously stated parameters.   Plaintiff argues that the timeline is current and supported by admissible evidence.   To the extent the court feels the time line contains editorial comment, Plaintiff requests the court selectively delete that content rather than exclude the exhibit as a whole.

    **RULING:  OVERRULED.**

Without independently verifying the accuracy of the chart, the court assume that its contents are supported by admissible evidence in the absence of a specific objection by Defendant. Furthermore, it does not appear to contain editorial content in contravention of the court's Order on Exhibits.  The exhibit, presented as Supplemental Exhibit 38 in Plaintiff's Supplemental Exhibit Notebook, Volume 2 of 2, conforms to the court's instructions and is admitted.

    8.    *Safety Training Posters*

Defendant objects to the inclusion of Exhibit 40 which consists of safety training posters used by Taco Bell to train their employees. Defendant argues that the posters should be admitted only to the extent that they conform to the court's guidelines for admission of portions of Taco Bell's "Team Training Reference Guide," as set forth in its Order on Exhibits. The order states, in relevant part

> Plaintiff may use only those portions of guide that: 1) pertain to the mopping, cleaning, and maintaining of floors in those areas of Defendant's restaurants that are open to the public; 2) warning customers about wet or slippery floors; and 3) safety measures or precautions regarding mopping, cleaning, and maintaining of floors in those areas of Defendant's restaurants that are open to the public.

(Order on Objections 8.) Defendant also reiterates its earlier objection that the evidence should have been submitted previously and, as such, should now be excluded.

Plaintiff argues that she erroneously believed the safety training posters were included in Defendant's exhibits as part of the Taco Bell Team Reference Guide previously produced. Thus, as the posters otherwise comply with the court's directive regarding the reference guide, Plaintiff requests admission in spite of her failure to earlier produce the posters.

**RULING: OVERRULED.**

The court agrees that the posters are within the scope of its order and, based on Plaintiff's account, excuses the failure to produce them previously. As such, the posters are admitted.

II.    Specific Objections

A.    *Exhibit 1* (injury photos)

Defendant objects to Plaintiff's Supplemental Exhibit 1 on the grounds described in General Objections 1, 3, 4, 5. As above, the exhibit is **ADMITTED.**

B.    *Exhibit 42* (floor plans)

ORDER ON OBJECTIONS TO SUPPLEMENTAL EXHIBITS                              11

Defendant objects to Plaintiff's Supplemental Exhibit 42 on the grounds described in General Objections 3, 4, 6.   As above, the exhibit is **ADMITTED** so long as it is properly authenticated at trial.

      *C.*    *Exhibit 43* (shoes)

Defendant objects to Plaintiff's Supplemental Exhibit on the grounds described in General Objections 3, 4.   As above, the exhibit is **EXCLUDED.**

      *D.*    *Exhibit 44* (corporate headquarters)

Defendant objects to Plaintiff's Supplemental Exhibit on the grounds described in General Objections 1, 2, 3, 4, 6.  As above, the exhibit is **EXCLUDED.**

      *E.*    *Exhibit 45* (emails)

Defendant objects to Plaintiff's Supplemental Exhibit on the grounds described in General Objection 3.   As above, the exhibit is **EXCLUDED.**

      *F.*    *Exhibit 47* (neuropsychological report)

Defendant objects to Plaintiff's Supplemental Exhibit on the grounds described in General Objections 2, 3, 4.   As above, the exhibit is **EXCLUDED.**

      *G.*    *Exhibit 49* (screen shots from video)

Defendant objects to Plaintiff's Supplemental Exhibit on the grounds described in General Objections 3, 5.   As above, the exhibit is **ADMITTED.**

      *H.*    *Exhibit 50* (festival flyer)

Defendant objects to Plaintiff's Supplemental Exhibit on the grounds described in General Objections 2, 3, 4.   As above, the exhibit is **ADMITTED.**

      *I.*    *Exhibit 51* (orthopedic braces)

ORDER ON OBJECTIONS TO SUPPLEMENTAL EXHIBITS      12

Defendant objects to Plaintiff's Supplemental Exhibit on the grounds described in General Objections 3, 4.   As above, the exhibit is **ADMITTED.**

    *J.*      *Exhibits 52, 53, 54, 55, 56, and 57* (personal photos)

Defendant objects to Plaintiff's Supplemental Exhibit on the grounds described in General Objections 1, 2, 3, 4, 5.   As above, the exhibits are **EXCLUDED.**

*Defendant's Supplemental Exhibits*

I.    <u>Records Related to Hip Surgery</u>

Plaintiff objects to Defendant's Exhibits 111, 111-A, and 111-B, which consist of medical records related to Plaintiff's hip surgery.  Plaintiff argues that the court, at the October 23, 2012, conference, deemed the procedure irrelevant to the present matter and the records should be excluded as confusing, prejudicial, and a waste of time.

Defendant argues that, in the event Vocational Expert Michelle Nielsen is permitted to testify, the hip surgery becomes highly relevant.  Specifically, Defendant refers to Nielsen's second supplemental life care plan which states that, the result of a recent diagnosis from Dr. Mirarchi and the need for additional surgery, Plaintiff has been deprived of a career track with the Veteran's Administration.  This is incorrect, according to Defendant, because the discontinuation of her career track with the VA was the result of her hip surgery.  As such, Defendant argues that the  hip surgery is highly relevant to damages in the form of past wages and future loss of earning capacity.

As this court ruled previously, evidence related to Plaintiff's hip surgery is not relevant to the present claims.  However, Defendant seeks to admit these exhibits in order to impeach the testimony of Nielsen to the extent that she contends Plaintiff's injury prevented her from pursuing

a career track at the VA, to the exclusion of other factors.  Accordingly, Plaintiff's objection is

SUSTAINED, except to the extent that the exhibit is offered for impeachment.

**RULING:  SUSTAINED.**

II.      Sealed Documents

Plaintiff objects to the admission of Exhibits 117 through 129 on the ground that they are

sealed documents and reserves the right to object to the documents at the time they are offered for

evidence.  Plaintiff also "moves the Court to require Defendant to provide notice and an opportunity

for a 403 conference before offering any such exhibit."  (Plaintiff's Objections 2.)  Plaintiff may

object upon these exhibits being offered at trial.

**RULING:  DEFERRED.**

IT IS SO ORDERED.

DATED this 19th day of April, 2013.


_____/s/ John V. Acosta_____
JOHN V. ACOSTA
United States Magistrate Judge

ORDER ON OBJECTIONS TO SUPPLEMENTAL EXHIBITS                    14