IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


JEANNE MICHAELS, an individual,                          Civ. No. 3:10-cv-1051-AC

                              Plaintiff,                              OPINION AND
                                                                          ORDER
                    v.

TACO BELL CORPORATION, a
California corporation,


            Defendant.

_____

ACOSTA, Magistrate Judge:

        Plaintiff Jeanne Michaels ("Michaels") prevailed at trial against Defendant Taco Bell

Corporation ("Taco Bell"). *See* Judgment (#234) (ordering judgment "[f]or recoverable costs in

favor of plaintiff Jeanne Michaels, such costs to be determined upon Michaels's filing of her cost

bill."). Michaels seeks an award of $13,201.20 in costs as the prevailing party. Taco Bell opposes

the motion in part, arguing that certain of the claimed costs are not recoverable. For the reasons

OPINION AND ORDER                              1                              {KPR}

stated below, Michaels's cost bill is granted in part and denied in part.

*Legal Standard*

Federal Rule of Civil Procedure 54(d) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." FED. R. CIV. P 54(d) (2013).  Under Local Rule 54, a party seeking costs in this district must provide a "detailed itemization of all claimed costs.  The prevailing party must file an affidavit and appropriate documentation." *Local Rules of Civil Procedure*, District of Oregon, Rule 54-1(a)(1).

"Rule 54(d) creates a presumption for awarding costs to prevailing parties; the losing party must show why costs should not be awarded." *Save Our Valley v. Sound Transit*, 335 F.3d 932, 944-945 (9th Cir. 2003).  "By its terms, the rule creates a presumption in favor of awarding costs to a prevailing party, but vests in the district court discretion to refuse to award costs." *Association of Mexican-American Educators v. California*, 231 F.3d 572, 591 (9th Cir. 2000) (citing *National Info. Servs., Inc. v. TRW, Inc.*, 51 F.3d 1470, 1471 (9th Cir. 1995)).  The district court must give specific reasons for rejecting claimed costs.  *Id.* at 591-592 (citing *Subscription Television, Inc. v. Southern Cal. Theater Owners Assoc.*, 576 F.2d 230, 234 (9th Cir. 1978)).

The United States Code identifies six categories of recoverable costs:

(1) Fees of the clerk and marshal;
(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920 (2013) ("section 1920"). A court may not award costs beyond the scope of those authorized by section 1920. *Kraft v. Arden*, CV. 07-487-PK, 2009 U.S. Dist. LEXIS 1527, at *7-8 (D. Or. Jan. 8, 2009) (citations omitted). "Courts, however, are free to construe the meaning and scope of the items enumerated as taxable costs in § 1920." *Id.* at *8. Ultimately, it is "incumbent upon the losing party to demonstrate why the costs should not be awarded." *Stanley v. Univ. of S. California*, 178 F.3d 1069, 1079 (9th Cir. 1999).

*Discussion*

Michaels seeks costs for the following litigation-related expenses: (1) a filing fee of $399.00; (2) fees for service of summons and subpoenas of $795.00; (3) transcript fees of $3,616,30; (4) printing fees of $7,466.42; (5) witness fees of $415.00; (6) exemplification fees of $467.00; and (7) docket fees of $42.50. These fees total $13,201.20. The court will address each category in turn.

I.      Filing Fee

Michaels seeks to recover $399.00 in filing fees paid to the clerk under subsection 1 of section 1920. Taco Bell does not object to this cost. Reimbursement of the filing fee is authorized under section 1920 and the court hereby grants the requested amount of $399.00.

II.      Service Fees

Michaels seeks $65.00 for service of the summons and complaint on Taco Bell and $730.00 in fees for service of fifteen subpoenas. Taco Bell objects to costs of $265.00 for five subpoenas associated with the first trial date because the trial was set over by the court's motion. According to Taco Bell, those fees do not relate to an issue tried and were thus not reasonable and necessary to disposition of any such issue. This includes the subpoenas of Krysta McAllister, Munera Nura, Azeb Halefom, Tham Lam, and Mike Singhose.

The court agrees that the costs for these subpoenas should not be awarded to Michaels. First, the trial was reset because Michaels was not medically stable and she sought to introduce medical records at trial that had not been timely disclosed to Taco Bell. Similarly, the court concluded that Michaels should not be forced to trial when the full extent of her medical care had not yet been ascertained. Second, Michaels also requested leave to amend her complaint on the eve of trial. The court notes that Michaels could have retrieved the subpoena fee checks from the witnesses or reached an agreement that the subpoena fee was applicable to the subpoena subsequently issued for the April 2013 trial. Accordingly, costs in the amount of $265 for the five identified subpoenas are denied.

Taco Bell also objects to costs of $90 for subpoenas of two witnesses that did not appear at trial, Anne Wehrli ("Wehrli") and Randy Wrede ("Wrede"). Taco Bell cites this court's decision in *Kyei v. Oregon Department of Transportation*, Case No. CV 07-1607-AC, 2010 U.S. Dist. LEXIS 24661 (D. Or. Mar. 11, 2010), wherein the court ruled that the party's choice not to call six witnesses at trial prevented it from recovering costs associated with those witnesses. In *Kyei*, the prevailing defendant sought witness fees for eleven of the witnesses it listed for trial. The plaintiff objected to fees for those witnesses that did not actually testify at trial. The court agreed with the plaintiff and declined to award costs for the non-testifying witnesses: "ODOT chose not to call each of these six witnesses at trial, which choice reflects ODOT's conclusion that none of the six ultimately were needed at trial to address a material issue. In light of this undisputed fact, ODOT has not demonstrated how these six witnesses' testimony were necessary to a material issue at trial even though none of them were called to testify at trial." *Id*. at *10-11.

In this case, the List of Exhibits and Witnesses (#231) does not list either Wehrli or Wrede

as witnesses and, consistent with its earlier decision, the court denies the $90 in costs sought for subpoenaing these two witnesses.

Accordingly, the court awards costs for subpoenas in the amount of $440.00.

III.    Transcript Fees

Taco Bell objects to costs associated with the deposition transcripts of two witnesses, Carlos Azalde ("Azalde") and John Brault ("Brault"), as not obtained for use in the case but rather for convenience of counsel.  Taco Bell points out that neither witness appeared at trial, nor did they appear on the witness list for either trial setting.  Furthermore, Taco Bell argues, neither Azalde nor Brault's testimony was referenced in a dispositive motion or was otherwise relevant to an issue ultimately resolved at trial.

Azalde was the Taco Bell representative designated to give deposition testimony regarding the type of tile installed in Taco Bell Stores pursuant to Rule 30(b)(6).  After Michaels withdrew her allegation of negligence stemming from the type of tile used at the Taco Bell stores, and the court ruled that evidence regarding the slip resistance of the tiles was excluded from presentation at trial, Azalde was omitted from Plaintiff's witness lists and did not testify at trial.  Taco Bell named Brault as an expert witness to rebut the testimony of Michaels's expert, David Karlin ("Karlin").  The court excluded Karlin's testimony and Brault was thus not called to testify at trial.  Accordingly, Taco Bell argues that costs associated with his deposition transcript are not recoverable by Michaels.

Again, the witness list from the trial does not list either Azalde or Brault as testifying witnesses and they are similarly absent from Michaels's witness list (#181).  However, a deposition need not be introduced into evidence to be necessary for use in the case.  "The cost of a deposition not used at trial may be taxed if taking the deposition was reasonable as part of the pretrial

preparation of the case, rather than merely discovery for the convenience of counsel, or if the deposition was required for a dispositive motion." *Arboireau v. Adidas Salomon AG*, CV-01-105-ST, 2002 U.S. Dist. LEXIS 20342, at *14 (D. Or. June 14, 2002) (citations omitted). Thus, "[a] deposition need not be absolutely indispensable to justify an award of costs; rather, it must only be reasonably necessary at the time it was taken, without regard to later developments that may eventually render the deposition unneeded at the time of trial or summary disposition." *Frederick v. City of Portland*, 162 F.R.D. 139, 143 (D. Or. 1995) (citations omitted). In *Frederick*, the court distinguished qualifying depositions from those that are "purely investigative or merely for the convenience of [] counsel." *Id. See also Ryther v. KARE 11*, 864 F. Supp. 1525, 1534 (9th Cir. ) (holding similarly that a deposition that "appeared reasonably necessary to the parties at the time it was taken" is taxable as a cost, though "[d]epositions that merely assist discovery or are investigatory in nature" are generally not taxable).

Accordingly, the court must consider whether the depositions testimony of Azalde and Brault appeared reasonably necessary at the time Michaels requested deposition transcripts. In Azalde's case, he was the corporate representative offered for deposition regarding the slip resistance of the floor tiles. Azalde's testimony was both relevant to the negligence claim and reasonably necessary for use in the case. Taco Bell provides no analysis to explain why the deposition was not reasonably necessary as case preparation other than that the claim was dismissed before trial and the testimony was not ultimately offered into evidence. Accordingly, the cost for this deposition is taxable to Taco Bell. The same is true for the deposition of Brault, whose testimony was offered to rebut that of Michaels's expert. At the time, expert testimony was relevant to a claim plaintiff alleged and sought to make at trial, and the deposition transcript was reasonably necessary to prepare for trial. Taco

Bell presents no evidence or analysis that the transcript was sought by Michaels when it was no longer necessary to prosecute her case. Accordingly, the fees associated with Brault's deposition are taxable to Taco Bell.

For the reasons stated, Michaels's request for transcript costs of $3,616.30 is granted in its entirety.

## IV.    Exemplification and Copying Fees

### A.    Copying Fees

A prevailing party may recover "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920(4) (2012). Copying costs for documents produced to opposing parties in discovery, submitted to the court for consideration of motions, and used as exhibits at trial are recoverable. *Teicher v. Regence Health and Life Ins. Co.*, No 06-1821-BR, 2008 U.S. Dist. LEXIS 96268, at *31 (D. Or. Nov. 24, 2008); *Arboireau*, 2002 U.S. Dist. LEXIS 20342, at *17-18 (citing *Fressell v. AT & T Technologies, Inc.*, 103 F.R.D. 111, 115-16 (N.D. Ga. 1984)). However, recoverable copying costs "do 'not include extra copies of filed papers, correspondence, and copies of cases since these are prepared for the convenience of the attorneys.'" *Arboireau*, 2002 U.S. Dist. LEXIS 20342, at *18 (citation omitted). Recoverable copying costs also do not include costs associated with in-house photocopying for use by counsel. *Frederick*, 162 F.R.D. at 144. A party's conclusory assertion that all copies were reasonable necessary to its case is, by itself, insufficient. *Kraft*, 2009 U.S. Dist. LEXIS 1527, at *9.

Michaels seek $7,466.42 in costs for in-house copying charges and third-party vendor copying charges. She submits a list of these costs as Exhibit D to the Cost Bill. The list contains

detail regarding the date of the copying, the client for whom the copies were made, and the number of copies made. The exhibit also includes receipts from the outside vendors, some of which contain additional detail regarding the nature of the documents reproduced. Taco Bell argues that the $7,466.42 sought by Michaels for printing costs is both unreasonable and not adequately documented. Rather, it asserts, Michaels's explanation is conclusory and does not permit the court to conduct a meaningful review of the costs sought. Furthermore, Taco Bell argues, the price per page is well above that charged by a third-party copier and the consistently round number of pages claimed reflect an inexact documentation process, at best. For these reasons, Taco Bell urges the court to reject the request in its entirety.

The court agrees that the information provided about the in-house copying charges is insufficient to justify an award of costs as it does not permit the court to evaluate whether the copies were necessary for use in the case. This information is a prerequisite for the court awarding photocopying costs and, accordingly, these costs are denied. The third-party vendor copying costs are sufficiently documented, however. Two invoices specify they were for the reproduction of medical records and indicate that they were for use in this case. These invoices are from Documart and Diversified Business Services, and are for $127.94 and $496.80, respectively. (Exhibit D at 11, 12.) A third invoice, in the amount of $199.08, states that it was for reproduction of the exhibits for a bench copy. (Exhibit D at 15.) The court can reasonably conclude that these third-party copying charges were incurred for use in the case and awards them in their entirety, in the amount of $823.82.

B.    *Witness Fees*

Michaels seeks $415.00 in costs for witnesses who appeared at trial pursuant to federal

statutes that authorize a witness fee of $40 per day for each day of attendance and $5 for transportation costs. *See* 28 U.S.C. § 1821(b) and (c) (authorizing the payment of witness fees for attendance and travel). As such, Michaels seeks $45 per day in witness costs for nine witnesses. The cost bill itself incorrectly lists the fee for two of the witnesses as $50 per day, an error that Taco Bell notes in its objections. Taco Bell does not otherwise object to the payment of those fees and the court sees no reason to reduce the award, except to correct the mathematical error. Accordingly, it awards the total amount sought for witness fees, corrected to the accurate amount of $405.00.

### C.    *Exemplification of Exhibits*

Michaels seeks $467.00 for the exemplification of exhibits, including the enlargement of exhibits and white boards for use at trial. She asserts that these expenditures were necessary for the presentation of evidence at trial. Taco Bell objects to costs associated with enlarged versions of exhibits used as trial as not necessarily obtained for use in the case. According to Taco Bell, awarding such costs would impermissibly shift the cost of enlarging exhibits to the opposing party where the exhibits in their original size were admitted and may be displayed using the court's electronic evidence system.

In *Teicher*, the prevailing party requested almost $2,000 for "designing and creating large-scale demonstrative exhibits." *Id*. at *32. This included over $800 for "litigation consultation regarding the design of one of the exhibits." *Id*. The court declined to award the requested costs. The *Teicher* decision was cited by this court in *Williamson v. Munsen Paving, LLC*, Case No. CV 09-736-AC, 2011 U.S. Dist. LEXIS 18254 (D. Or. Feb. 23, 2011). The court noted that the conclusion in *Teicher* "is consistent with the well-established case law disallowing costs of copies made for counsel's convenience:  enlarged versions of already admitted standard-size exhibits are

purely for counsel's convenience." *Id*. at *17.

The court agrees with Taco Bell that the amount expended to enlarge exhibits for trial is not taxable to Taco Bell. Therefore, the charges for enlarging exhibits are disallowed in the amount of $406.00. Michaels also seeks reimbursement for white boards purchased for use at trial. Again, the court declines to award the cost of purchasing white boards for use at trial, as the court's evidence system is competent to display standard-size exhibits on a larger scale, and such enlargements are merely for the convenience of counsel. As the court wrote in *Williamson*, "Convenience, not necessity, is the dominant factor here: enlarged exhibits of this type are unnecessary because of the availability to counsel of the court's electronic evidence system." *Id*. Based on the evidence before it, the court concludes that the whiteboard charges were merely for the convenience of counsel and, similarly, cannot be taxed against Taco Bell. Accordingly, the court disallows all claimed charges for exemplification of exhibits.

V.     Docket Fees

Under section 1920, docket fees may also be taxed as costs, as specified under 28 U.S.C. § 1923 ("section 1923"). Section 1923 states specifically that a party may recover docket fees of "$20 on trial or final hearing" and "$2.50 for each deposition admitted into evidence." 28 U.S.C. § 1923(a). Michaels seeks $20 in costs associated with the trial and $22.50 for nine depositions entered into evidence. Taco Bell does not oppose the request for docket fees for the trial, but objects to the docket fees sought for depositions admitted into evidence. According to Taco Bell, Michaels did not enter any depositions into evidence and should therefore be denied all costs claimed therefrom. Michaels identifies the depositions of former Taco Bell employees Azalde, Brault, Helfom, Lam, McAllister, Nura, Singhose, Burns, and Wong as those admitted into evidence for

which she seeks costs.  Michaels provides no additional analysis regarding her entitlement to these fees.

In *Oregon Azaleas, Inc. v. Western Farm Service, Inc.*, Civil No. 00-1348-KI, 2002 U.S. Dist. LEXIS 470 (D. Or. Jan. 9, 20002), the plaintiff sought docket fees for depositions admitted into evidence.  In awarding the requested costs, the court considered only those depositions that were admitted into evidence at trial:  "I do not interpret this docket fee as applying to evidence in a summary judgment motion.  I will allow $2.50 in docket fees for the videotaped deposition admitted into evidence during the trial."  *Id*. at *3.  Here, the parties did not file dispositive motions, so the court need not consider whether the fee extends to submission for purposes of motion practice. According to the witness and exhibit list from trial, the only deposition testimony admitted was that of Michaels herself.  Michaels does not seek the $2.50 fee for that deposition and, accordingly, the court denies the request for docket fees for depositions.  Accordingly, the court awards only $20 in docket fees for the trial itself.

*Conclusion*

The court awards costs in the following amounts:

| Cost Category | Amount Requested | Amount Awarded |
| --- | --- | --- |
| Filing Fee | $399.00 | $399.00 |
| Subpoena Fees | $795.00 | $440.00 |
| Transcript Fees | $3,616.30 | $3,616.30 |
| Witness Fees | $415.00 | $405.00 |
| Copying Costs | $7,466.42 | $823.82 |
| Exemplification Costs | $467.00 | $0 |
| Docket Fees | $42.50 | $20.00 |

| TOTAL | | $5,704.12 |
|---|---|---|

The court hereby awards $5,704.12, in costs pursuant to Michaels's Bill of Costs (#243).

The Bill of Costs is GRANTED in part and DENIED in part.

IT IS SO ORDERED.

DATED this 13th day of September, 2013.


_____/s/ John V. Acosta_____
JOHN V. ACOSTA
United States Magistrate Judge